FILED

12 DEC 13 PM 3:39

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMAL AHBAKI DAVIS,<br><br>                    Petitioner,<br>v.<br><br>UNNAMED,<br><br>                    Respondent. | Civil No.   12cv2179-WQH (DHB)<br><br>**ORDER** |

HAYES, Judge:

      On September 4, 2012, Petitioner, a state prisoner proceeding pro se, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) On October 9, 2012, the Court dismissed the Petition because Petitioner had failed to satisfy the filing fee requirement and failed to name a proper Respondent. (ECF No. 3.) Petitioner was instructed that if he wished to proceed with this action he was required to either pay the $5.00 filing fee or submit an application to proceed in forma pauperis <u>and</u> file a First Amended Petition which names a proper Respondent on or before December 28, 2012. Petitioner has not yet satisfied the filing fee requirement, but has filed a First Amended Petition which is subject to dismissal because it once again fails to name a proper Respondent.

      On federal habeas, a state prisoner must name the state officer having custody of him as the respondent. <u>Ortiz-Sandoval v. Gomez</u>, 81 F.3d 891, 894 (9th Cir. 1996) (citing Rule 2(a),

28 U.S.C. foll. § 2254). "Typically, that person is the warden of the facility in which the petitioner is incarcerated." Id. Federal courts lack personal jurisdiction when a habeas petition fails to name a proper respondent. See id. The warden is the typical respondent. However, "the rules following section 2254 do not specify the warden." Id. "[T]he 'state officer having custody' may be 'either the warden of the institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal institutions.'" Id. (quoting Rule 2(a), 28 U.S.C. foll. § 2254 advisory committee's note). If "a petitioner is in custody due to the state action he is challenging, '[t]he named respondent shall be the state officer who has official custody of the petitioner (for example, the warden of the prison).'" Id. (quoting Rule 2, 28 U.S.C. foll. § 2254 advisory committee's note). This requirement exists because a writ of habeas corpus acts upon the custodian of the state prisoner, the person who will produce "the body" if directed to do so by the Court. "Both the warden of a California prison and the Director of Corrections for California have the power to produce the prisoner." Ortiz-Sandoval, 81 F.3d at 895.

In order for this Court to entertain a habeas petition filed in this action, Petitioner must name the warden in charge of the state correctional facility in which he is presently confined or the Director of the California Department of Corrections and Rehabilitation. See Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam).

## RULING OF THE COURT

IT IS HEREBY ORDERED that the First Amended Petition is **DISMISSED** without prejudice due to Petitioner's failure to name a proper respondent. To have this case reopened, Petitioner must (1) pay the filing fee or provide adequate proof of his inability to pay **and** (2) file a Second Amended Petition which names a proper respondent **no later than January 14, 2013**. The Clerk of Court shall send Petitioner a blank Southern District of California amended petition form and a blank Southern District of California in forma pauperis application along with a copy of this Order.

DATED: 12/13/12

WILLIAM Q. HAYES
United States District Judge